(No. 3233— )

CHICAGO PARK DISTRICT, A BODY POLITIC AND CORPORATE, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 9, 1941.*

JOHN O. REES, for claimant.

GEORGE F. BARRETT, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

The facts in this case have been stipulated by the parties hereto and are substantially as follows:

The claimant, Chicago Park District, is a body politic and corporate organized and existing pursuant to the provisions of an Act entitled "An Act in relation to the Creation, Maintenance, Operation and Improvement of the Chicago Park District," approved July 10, 1933, in force May 1, 1934, hereinafter referred to as the "Park Act."

Prior to May 1, 1934, The Commissioners of Lincoln Park was a park district existing within the territory now included within the Chicago Park District, and is one of the park districts superseded by the Chicago Park District. The title to all lands, property and funds of every description of the superseded The Commissioners of Lincoln Park is now vested in the Chicago Park District.

Pursuant to the provisions of Paragraphs 232 to 250.9 inclusive, Chapter 105, Illinois Revised Statutes, 1939, The Commissioners of Lincoln Park issued bonds which, prior to their delivery to purchasers, were registered in the office of the Auditor of Public Accounts of the State of Illinois.

Subsequent to the issuance and registration of such bonds, the Auditor of Public Accounts annually levied and collected a direct ad valorem tax upon all the tangible property within the district known as The Commissioners of Lincoln Park sufficient in amount to pay the bonds and interest maturing during each next ensuing year thereafter.

The State Treasurer, between April 13, 1912, and July 30, 1937, received a total of $13,828,310.47 in such taxes so levied and collected by the Auditor of Public Accounts, and during said aforementioned period the Auditor of Public Accounts and the State Treasurer deducted from said tax monies the total sum of $70,412.14, said deductions being shown on the books of the Auditor of Public Accounts and State Treasurer as fees for the collection of said tax monies.

Attached to and made a part of the complaint is an itemized statement showing (a) the amount of tax monies received by the State Treasurer between the specified dates and the

total amount of such receipts; (b) the amounts deducted from such receipts by the Auditor of Public Accounts and the State Treasurer, the date of said deductions and the total amount thereof; (c) the distribution of the amounts deducted by the Auditor of Public Accounts and the State Treasurer except with respect to the deductions made on November 10, 1915, September 27, 1917, September 28, 1918, October 22, 1919, and June 25, 1920, on which, information concerning said distribution, if any, is not ascertainable.

In each and every instance the aforementioned amounts of monies deducted were taken from surplus proceeds of such annual levies over and above the amount required in each instance to pay the bonds and interest which had matured.

Said monies so deducted from the taxes collected were ordered and paid on the dates of said deductions into the General Revenue Fund of the State of Illinois.

Neither The Commissioners of Lincoln Park nor the Chicago Park District has ever received said sums so deducted by the Auditor of Public Accounts or the State Treasurer, or any part thereof.

On June 26, 1937, the Chicago Park District presented its claim for the return of said monies deducted by the Auditor of Public Accounts and said State Treasurer to said Auditor of Public Accounts and said State Treasurer, and claimant was advised by said State Treasurer to file its claim with the Court of Claims of the State of Illinois.

The claimant contends that there was no authority either under the statutes of this State or under the common law for the deductions so made by the Auditor of Public Accounts and the State Treasurer, and that therefore it is entitled to a refund of the several amounts so deducted.

None of the Acts authorizing the issuance of the bonds in question by The Commissioners of Lincoln Park contained any provision whatsoever authorizing the Auditor of Public Accounts or the State Treasurer to collect any fees whatsoever, other than the registration fee required to be paid to the State Auditor at the time of the registration of the bonds, which registration fee is not involved in this case.

The only legislative enactments in this State of a nature similar to those authorizing the issuance of bonds by The Commissioners of Lincoln Park, to which our attention has been called, are the following, to wit:

1. An Act entitled "An Act to Enable Counties, Cities, Towns, Townships, School Districts and other Municipal Corporations to Fund, Retire and Purchase their outstanding Bonds and other Evidences of Indebtedness, and to provide for the Registration of New Bonds or other Evidences of Indebtedness in the office of the Auditor of Public Accounts," approved and in force February 13, 1865.

2. An Act entitled "An Act to provide for the Drainage for Agricultural and Sanitary Purposes, and to Repeal Certain Acts therein named," approved June 27, 1885, in force July 1, 1885.

3. An Act entitled "An Act authorizing all Drainage Districts to Issue Bonds, and providing for the Registration and Payment thereof," approved and in force July 15, 1895.

The Act first above referred to provides for the payment of a registration fee of twenty-five cents, and also contains the following provision, to wit:

"When the bonds * * * shall be so registered, the Auditor of Public Accounts shall annually ascertain the amount of principal and interest due and accrued and to accrue, for the current year, on all said bonds and evidences of indebtedness so registered in his office and shall upon the basis of the certificate of valuation of the property to be transmitted to him * * * estimate and determine the rate per centum upon the valuation of said property requisite to meet and satisfy the said interest, or the interest and principal, as the case may be, together with the ordinary cost to the State, of the collection and disbursement of the same to be estimated by the Auditor and State Treasurer. * * *."

(Ill. State Bar Stat. 1935, c. 113, par. 5).

The other Acts above referred to contain substantially similar provisions.

It will be noted that in each of the Acts above referred to the Legislature specifically provided for the ordinary costs of the collection and disbursement of the tax money, and that no provision of a similar import is found in any of the Acts authorizing the issuance of bonds by The Commissioners of Lincoln Park.

We must therefore assume that the Legislature did not intend that the State Treasurer or the State Auditor should have authority to make any deduction for the collection and disbursement of such monies;—otherwise they would have made specific provision therefor, as they did in the other Acts hereinbefore mentioned.

The Attorney General contends, however, that the claimant is not entitled to an award for any deduction made more than five years prior to the filing of the Complaint herein.

Section 10 of the Court of Claims Act (Ill. Rev. Stat. 1939, Chap. 37, Par. 436) provides as follows:

"Every claim against the State, cognizable by the Court of Claims, shall be forever barred unless the claim is filed with the secretary of the court within five years after the claim first accrues, saving to infants, idiots, lunatics, insane persons and persons under disability at the time the claim accrues two years from the time the disability is removed."

The Complaint herein was filed March 26th, 1938, and the claimant therefore is limited in its recovery to the deductions made as aforesaid by the State Treasurer and State Auditor during the period of five years prior to the filing of the Complaint herein as aforesaid.

A computation shows that the amount of the deductions made by the State Treasurer and the State Auditor as aforesaid during the period of five years prior to the filing of the Complaint herein is Fifty-Three Thousand Nine Hundred Fifty-eight Dollars and Four Cents ($53,958.04), and an award is hereby entered in favor of the claimant for such amount.